IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DR. KEENAN COFIELD, | * |
| Plaintiff, | * |
| v. | * Civil No. SAG-22-2030 |
| MARK I. BAILEN, *et al.*, | * |
| Defendants. | * |

**MEMORANDUM OPINION**

Plaintiff Dr. Keenan Cofield ("Plaintiff"), who is self-represented, filed this lawsuit in the circuit court for Baltimore City against a large number of attorneys and law firms, including Mark I. Bailen, Esq., The Law Offices of Mark I. Bailen PC, Baker & Hostetler LLP and three of its attorneys, and Pessin Katz Law, P.A. and three of its attorneys (collectively the "Attorney Defendants"). The case also named a multitude of additional defendants, including certain defendants associated with The Progressive Corporation, an insurance provider (collectively with some of the Attorney Defendants who represented Progressive the "Progressive Defendants"). On August 12, 2022, the Progressive Defendants removed the lawsuit to this Court. *See* ECF 1.

On August 24, 2022, this Court issued an order directing the Clerk to strike some of the Progressive Defendants (other than the Attorney Defendants), and certain other named defendants, from the docket in this case as they had been improperly joined. ECF 19. Even before that order, Plaintiff had filed a motion to remand the case to state court.[1] ECF 16. In addition, the Attorney

---

[1] Plaintiff also filed a motion to consolidate this case with other cases formerly pending in this Court. ECF 26. Because those other cases have since been closed, the motion to consolidate will be denied as moot. *See Cofield, et al. v. Worktime, Inc., et al.*, Civ. No. 22-727-SAG; *Cofield, et al., v. The Progressive Corporation, et al.*, Civ. No. 22-1370-SAG.

Defendants have filed motions to dismiss. ECF 13, 22. This Court has reviewed those motions and the related filings. ECF 28, 34, 35, 36, 37.

No hearing is necessary to resolve these motions. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Plaintiff's Motion to Remand, ECF 16, will be denied and the Defendants' Motions to Dismiss, ECF 13, 22, will be granted. Plaintiff's Motion to Consolidate this case with another pending federal action, ECF 26, will be denied as moot.

I. **FACTUAL BACKGROUND**

The following facts are derived from Plaintiff's Amended Complaint and are assumed to be true for purposes of this motion. On or about June 16, 2020, Plaintiff filed for Chapter 7 bankruptcy in the United States District Court for the District of Maryland.[2] ECF 4 ¶ 10. Plaintiff received a discharge from the bankruptcy court on September 22, 2020. *Id.* ¶ 12. Plaintiff alleges that the Defendants "continue to send threats of legal action and debts duly DISCHARGED by this Court" and continue to send documents "acting as collection notices regarding the Discharged debts."[3] *Id.* ¶¶ 13, 16.

The Amended Complaint alleges a series of four counts, again without particularizing any action taken by any Attorney Defendant: (1) violation of the automatic stay in 11 U.S.C. § 362(a)(3); (2) violations of sections 105 and 506 of Title 11 of the United States Code; (3) violation

---

[2] Plaintiff's Amended Complaint makes inherently inconsistent representations about the role of "the Defendants" in the bankruptcy proceeding without identifying any particular role or action taken by any particular defendant. *Compare* ECF 4 ¶ 11 ("[E]ach named Defendant was listed and/or added as creditors of Plaintiff(s) on various Schedules including F as creditors holding unsecured non-priority claims"), *with id.* ¶ 14 ("These Defendants are not Creditors nor counsel of record for anyone in the Original bankruptcy action.")

[3] This Court is aware, from presiding over other cases filed by Plaintiff, that the Attorney Defendants represent clients that Plaintiff has sued. *See Cofield,* Civ. Nos. 22-727-SAG and 22-1370-SAG. Because the Attorney Defendants represent defendants in those cases, they have not used those cases to attempt to collect a debt from Plaintiff.

of the discharge order issued by the United States Bankruptcy Court; and (4) violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692(d).  ECF 4 ¶¶ 18-29.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to test the legal sufficiency of a complaint by way of a motion to dismiss.  *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."  *See In re Birmingham*, 846 F.3d at 92.

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2).  That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . .") (citation omitted); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017).  But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2).  *Twombly*, 550 U.S. at 555.  Moreover, federal pleading rules "do not

countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a

4

plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Civ. No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd* 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because he is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

### III.   ANALYSIS

#### A.   Removal and Jurisdiction

The four claims Plaintiff asserts in the Amended Complaint are all federal claims, several of which are brought under the United States Bankruptcy Code. ECF 4 ¶¶ 18-29. Defendants removed this case to federal court pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1452 (removal of claims related to bankruptcy cases). ECF 1 at 1. Plaintiff contends that removal was improper because only the Progressive Defendants, and not all defendants, sought removal of the case. ECF 16 at 1-2. Some of those Progressive Defendants have now been dismissed, although Mark I. Bailen and his law office, and Baker & Hostetler LLP and its three

attorneys, were part of the removing Progressive Defendants and remain as Attorney Defendants in the case. ECF 1 at 1; ECF 19.

While Plaintiff is correct that the Progressive Defendants removed the case, their notice of removal expressly noted the consent of all the then-served individual and corporate defendants, including Pessin Katz Law P.A. and its attorneys (collectively the "Pessin Katz Defendants"). ECF 1 ¶ 7. The law requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). It does not require that their consent be filed separately, and thus the representation made by the Progressive Defendants in their Notice of Removal suffices to document the Pessin Katz Defendants' consent. Because the Notice of Removal contains valid bases for the removal (federal question and bankruptcy removal jurisdiction) and the required indication of consent of all defendants, the case was properly removed to this Court.

The final question is whether the subsequent dismissal of some of the removing defendants vitiates the propriety of removal and requires remand. It does not. Some of the remaining Attorney Defendants were also removing defendants. ECF 1 at 1. The Pessin Katz Defendants, who would have equal ability to remove the case on federal question and bankruptcy grounds, have expressed an opposition to remand. *See* ECF 36. With the clearly expressed intent of all remaining defendants to proceed in federal court, and the unequivocal federal claims asserted in the Amended Complaint, jurisdiction in this Court remains proper and remand will be denied.

### B. Motions to Dismiss

Each of the Attorney Defendants has filed one of two motions to dismiss. ECF 13, 22. As to each of those defendants, Plaintiff has not alleged sufficient facts to satisfy the *Iqbal/Twombly* standard as to his claims. He has not identified any action any of the Attorney Defendants has

taken to collect any debt against him, nor has he identified any debt he owes to any of those defendants or their clients. Plaintiff's bare assertions of "violations" of federal statutes or orders do not cite any specific facts to allow the Attorney Defendants to understand or answer the claims. In the absence of any factual allegations rendering his claims plausible, Plaintiff's claims must be dismissed without prejudice.

### IV.     CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand, ECF 16, will be denied. The remaining Defendants' Motions to Dismiss, ECF 13, 22, will be granted and the claims will be dismissed without prejudice. Plaintiff's Motion to Consolidate this case with two other cases that have since been closed in this court, ECF 26, will be denied as moot. This case will be closed. A separate Order follows.

Dated:  September 29, 2022                                        /s/
                                                            Stephanie A. Gallagher
                                                            United States District Judge